ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - ) | |
| ) | |
| NES Pacific Limited Liability Co. ) | ASBCA No. 63710-ADR |
| ) | |
| Under Contract No. FA5270-17-D-0012 ) | |
| Task Order No. FA52700-17-F-0098 ) | |

APPEARANCE FOR THE APPELLANT:       David A. Rose, Esq.
                                      Rose Consulting Law Firm
                                      Valdosta, GA


APPEARANCES FOR THE GOVERNMENT:   Caryl A. Potter, III, Esq.
                                      Air Force Deputy Chief Trial Attorney
                                    Le'Dara Clark, Esq.
                                      Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE ARNETT

By agreement dated February 26, 2025, the parties elected to have this matter considered and decided through a summary proceeding with binding decision pursuant to the Board's Alternative Dispute Resolution (ADR) procedures. The parties have agreed that the Board's decision on entitlement will be final, conclusive, not appealable, and may not be set aside except for fraud. This decision will have no precedential value.

Appellant NES Pacific Limited Liability Co. (NESP) seeks compensation for two interrelated issues: 1) switchgear[1] that were ordered timely, manufactured to meet contract specifications/drawings, delayed as a result of a labor shortage due to COVID-19, shipped from the U.S., delivered to the project at Kadena Air Base, Japan approximately 16 days after the contract completion date (CCD), and refused by the Air Force; and 2) storage/demurrage charges, continuing to accrue daily, arising from the government's refusal to accept the late switchgear.

The Air Force contends that, through bilateral Modification No. P00008, NESP released its claim for any subcontractor delay giving rise to the late delivery and associated costs.

---

[1] Since quantum is not before the Board, this decision does not address the claimed costs. However, if NESP's claim includes costs for the price adjustment sought by Eaton due to COVID-19 market price fluctuation, such costs are not recoverable because the parties entered into a firm fixed price contract, and that risk is borne by NESP.

The Board carefully considered the documents in the Rule 4 file, exhibits, and the contentions of the parties in the pleadings and briefs.

DECISION

It is the decision of the Board that, on this construction contract, the government's rejection of the switchgear was improper. The rejection appears to have been based solely on a late delivery caused by labor shortages resulting from COVID-19. The contract included Federal Acquisition Regulation (FAR) clause 52.249-10, Default (Fixed-Price Construction) (R4, tab 1 at 17). A manufacturing delay arising from a labor shortage during a global pandemic is the type of delay commonly addressed by the Default Clause as beyond the control and without the fault or negligence of the contractor and subcontractor.[2]

Further, it is the decision of the Board that NESP did not release its claim under Modification No. P00008. Issued five months prior to NESP's late delivery of the switchgear, the modification granted a time extension and directed NESP to complete work to "correct unsafe and incomplete above ground work locations" as described in a supplement to the Scope of Work (SOW) (R4, tab 3 at 2). However, the modification does not provide any information regarding the basis for the time extension or attach the supplement (id.). The release is limited to the "facts or circumstances giving rise to the SOW changes identified" which cannot be discerned from reading the modification (id.). Thus, Modification No. P00008 provides insufficient information for us to conclude that it operates as a release of NESP's claim.

CONCLUSION

Therefore, the appeal is sustained. The matter is returned to the parties for the resolution of quantum.

Dated:  September 2, 2025

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

---

[2] Assessment of liquidated damages is a common remedy available to the government for late completion of a construction contract and was specifically contemplated by this Task Order (R4, tab 2 at 5).

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63710-ADR, Appeal of NES Pacific Limited Liability Co., rendered in conformance with the Board's Charter.

Dated: September 2, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals